**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Federal Deposit Insurance Corporation,** | ) | **CASE NO. 1:15 CV 2470** |
| **as Receiver for AmTrust Bank** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Ark-La-Tex Financial Services, LLC** | ) | **Memorandum of Opinion and Order** |
| **d/b/a Benchmark Mortgage** | ) | |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Ark-La-Tex Financial Services, LLC's Motion to Compel (Doc. 16). For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

**FACTS**

Plaintiff FDIC is the receiver for AmTrust, which was a federally chartered savings bank prior to its closure in 2009. (Compl. ¶ 8). Defendant Ark-La-Tex is engaged in the business of brokering, originating, processing, packaging, submitting for funding, selling, and/or transferring

1

loans secured by real property. (*Id.* at ¶ 9). In this lawsuit, plaintiff claims that defendant breached contractual warranties and representations in the course of brokering six mortgage loans (the "At-Issue Loans") pursuant to a January 6, 2006 Master Broker Agreement and a May 23, 2007 Master Broker Agreement. Plaintiff alleges that defendant breached these agreements by submitting false information for the At-Issue loans to AmTrust, and by failing to indemnify plaintiff for the loss sustained on the loans.

On January 16, 2016, defendant served discovery requests on plaintiff, which plaintiff responded to on February 22. Defendant notified plaintiff on February 29 of deficiencies in plaintiff's responses, and plaintiff supplemented its responses on March 15. Defendant sent another letter to plaintiff the following day, stating that it believed plaintiff's responses continued to be deficient. Counsel for both parties held a telephone conference regarding discovery on April 21, and plaintiff further supplemented its responses on May 6. Still finding plaintiff's responses to be deficient, defendant filed the current motion, which plaintiff opposes.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(b)(1) sets forth the permissible scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). After making a good faith attempt to resolve a dispute, a party may file a motion to compel discovery

under Rule 37 of the Federal Rules of Civil Procedure if it believes another party has failed to respond to discovery requests or that the party's responses are evasive or incomplete. Fed. R. Civ. P. 37(a). In ruling on such a motion, a trial court has broad discretion in determining the scope of discovery. *Lewis*, 135 F.3d at 402. Defendant has shown that it made a good faith attempt to resolve the disputes at issue before filing this motion. The Court will now address defendant's requests in the order they were raised in its motion.

**ANALYSIS**

**1. Request for Production Nos. 10, 12, 13, and 27**

The first set of documents at issue relate to AmTrust's documents reflecting policies and procedures applicable to the At-Issue loans as well as documents concerning due diligence, audit, or quality control review that AmTrust performed on the At-Issue Loans. Specifically, these requests state:

> REQUEST NO. 10.
> All Documents Relating To the Policies of AmTrust Bank between 2005 and 2008 with respect to approval, funding, and/or underwriting of mortgage loans submitted by brokers.
>
> REQUEST NO. 12.
> All Documents Relating To the Policies of AmTrust Bank between 2005 and 2008 for evaluating, either before or after its decision whether to fund a particular mortgage loan, whether that loan met the requirements of the applicable Agreement and Seller's Guide.
>
> REQUEST NO. 13.
> All Documents concerning AmTrust Bank's Policies for performing quality control, due diligence, or auditing on mortgage loans it funded that were submitted by a broker.
>
> REQUEST NO. 27.
> All Documents concerning any due diligence, audit, or quality control review AmTrust Bank performed on any of the At-Issue Loans.

Plaintiff argues that defendant is not entitled to these documents because they are not legally

relevant to the parties' claims or defenses and are disproportionate to the needs of the case.

    a.  Relevancy

As to relevancy, plaintiff argues that the documents defendants seek have nothing to do with its breach of contract claim, which requires plaintiff to prove: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *Resource Title Agency, Inc. v. Morreale Real Estate Servs., Inc.*, 314 F. Supp. 2d 763, 769 (N.D. Ohio 2004) (citing *Samadder v. DMF of Ohio, Inc.*, 154 Ohio App. 3d 770, 778 (2003). It also notes that defendant dismissed its affirmative defenses based on comparative fault, contributory negligence, and assumption of the risk and argues that "[i]ncredibly, Defendant now seeks discovery on these very issues" and that "the conduct of AmTrust with respect to the At-Issue Loans is unavailable as a defense to this breach of contract case." (Pl.'s Resp. at 5, 6).

Although defendant withdrew several of its affirmative defenses, it continues to assert a number of others, including estoppel, laches, waiver, breach of the duty of good faith and fair dealing, and failure to mitigate damages. Defendant asserts that AmTrust's knowledge and conduct at the time it underwrote and funded the At-Issue loans is relevant to these defenses because if AmTrust was aware of defects in the loan, it may have failed to act in good faith or be estopped from contesting the defects now.

Defendant has met its burden of showing that the documents are relevant to at least some of the defenses that it continues to assert. *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) ("The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant."). For

4

example, to invoke the equitable defense of laches to a breach of contract claim, a party must show: (1) unreasonable delay or lapse of time in asserting a right; (2) absence of an excuse for the delay; (3) knowledge, actual or constructive, of the injury or wrong; and (4) prejudice. *Sims v. Anderson*, 38 N.E.3d 1123, 1130 (Ohio App. 2015). Whether AmTrust complied with its own policies and procedures in funding and underwriting the At-Issue loans and the due diligence that it took with respect to the loans is relevant to its knowledge, if any, of the alleged defects in the loans at the time they were made and whether AmTrust unreasonably delayed in asserting such defects. Moreover, if AmTrust had knowledge of the defects long before the loans defaulted, its knowledge and conduct is relevant to defendant's failure to mitigate damages defense. *See also First Tennessee Bank v. Republic Mortgage Ins. Co.*, 276 F.R.D. 215, 222 (W.D. Tenn. 2011) (ordering defendant to produce information about how it handled claims and rescissions under an insurance policy because such information was probative of how defendant generally administered its business and to produce information about defendant's knowledge and experience with the loans at issue because such information was relevant to plaintiff's claims of bad faith and could "demonstrate that [defendant] was aware of risks of materially false or misleading stated-income loans").

    b. <u>Burden</u>

Plaintiff also argues that production would be disproportionate to the needs of this case. Another court in this district has succinctly explained the parties' respective obligations when one party claims that discovery is overly burdensome: "At the very least, where a party claims burdensomeness, it must explain why that is so. It should also propose alternatives, if such might be possible, that could enable some degree of production. Where a party explains the difficulties

5

that compliance would create, the requesting party must be heedful, and not simply knee-jerk dismissive of those explanations." *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011).

As an initial matter, plaintiff's contention that the requested discovery is overly burdensome because this case "involves only six loans" is unpersuasive. As defendant notes, plaintiff is seeking over $1.5 million in damages; thus, while only a small number of loans are at issue, those loans involve a significant amount of money.

Plaintiff next argues that it "simply cannot know which documents 'reflect' policies and procedures 'applicable to' the At-Issue Loans, or which documents 'concern[] any due diligence, audit or quality control review AmTrust performed' on the At-Issue Loans." Again, this argument is unpersuasive. Plaintiff is the party with access to this information, defendant has no other way to obtain it, and a number of defendant's defenses depend on it. Moreover, plaintiff has offered no alternatives that would enable even some degree of production. A party cannot simply claim ignorance in order to avoid producing documents that are relevant to an opposing party's claim or defense.

Finally, plaintiff submits a declaration from its Senior E-Discovery Specialist, Ray Rivard, to support its assertion that the requested discovery is burdensome. The extent of Mr. Rivard's averments regarding the burdensome nature of defendant's requests is that:

> 6. Attempting to identify the documents sought by [defendants] would require FDIC-R to employ an expansive set of ESI search terms, such as 'loan policy,' that would yield tens of thousands of documents culled from a universe of over 1.5 billion pages of documents.
> 7. A preliminary search for just the organizational charts (Request #5) yields over 5,800 documents.

(Rivard Dec. ¶¶ 6-7). This conclusory declaration is insufficient to meet plaintiff's burden. Aside

6

from one search for organizational charts, it does not appear that plaintiff has attempted to run any searches at all. The declaration identifies one word search–"loan policy"–that plaintiff presumes will yield thousands of documents but does not identify whether there are other terms that could be used to narrow the yield, and it seems quite unlikely that no other narrowing terms exist. The declaration also does not identify whether dates could be used to restrict the pool of available documents. In short, it does not appear that plaintiff has made a good faith effort at searching for the requested documents and has not met its obligation to show that the burden of complying with defendant's requests outweighs the likely benefit of production.

For the foregoing reasons, the Court orders plaintiff to produce the documents requested in Requests for Production Nos. 10, 12, 13, and 27.

### 2. Request for Production No. 21

This request asks for documents relating to lawsuits with respect to the At-Issue Loans. Plaintiff has agreed to produce such documents.

### 3. Request for Production Nos. 2 and 8

These requests relate to the Seller's Guide referred to in plaintiff's complaint and which plaintiff relies on for its claims against defendant. The requests at issue state:

> REQUEST NO. 2.
> All Documents constituting or relating to Agreements between AmTrust Bank and Defendant.

> REQUEST NO. 8.
> All versions, including drafts, of the Seller's Guide as identified in Your Complaint.

Plaintiff does not dispute that the Seller's Guide is relevant, but counsel for plaintiff states in a declaration that "Plaintiff has produced the full version of the Seller's Guide as it existed at the

7

failure of AmTrust, and I have advised Defendant that Plaintiff does not have in its possession, custody or control full versions of the Seller's Guide as it previously existed." Defendant is not satisfied with this declaration, arguing that counsel's letters during this discovery dispute "strongly suggest[] that there were also portions [of the Seller's Guide] that Plaintiff unilaterally deemed irrelevant and did not produce." (Def.'s Reply at 7).

The Court cannot make plaintiff produce a document that it does not have the ability to produce. Counsel's declaration sufficiently clarifies that plaintiff has produced the documents that it has in its possession or control that are responsive to this request. Defendant's motion to compel is therefore denied with respect to Requests for Production Nos. 2 and 8. Plaintiff, of course, is under a continuing obligation to supplement this response should it "learn that in some material respect the disclosure or response is incomplete or incorrect" and the additional information has not otherwise been made known to defendant.  Fed. R. Civ. P. 26(e)(1)(A).

### 4. Request for Production No. 11

Request No. 11 asks for production of "all AmTrust organizational charts from 2005 through 2008." Plaintiff's only response to this request is that it would be unduly burdensome to produce because "a preliminary search for...the organization charts...yields over 5,800 documents." The organizational charts are relevant to the claims and defenses at issue in this case and could identify potential witnesses. For the reasons discussed above, the conclusory statement in Mr. Rivard's declaration is insufficient to meet plaintiff's burden of showing that the burden or expense of the requested documents outweighs the likely benefit of production. Thus, the Court orders plaintiff to comply with Request for Production No. 11.

### 5. Rule 34(b)(2)(C)

Finally, defendant argues that plaintiff's responses fail to comply with Rule 34(b)(2)(C), effective December 1, 2015, which states: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. Rule 34(b)(2)(C). The purpose of the amendment is to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Fed. R. Civ. P. Rule 34 Advisory Committee Notes. Defendant notes that plaintiff's responses are all made subject to its sixteen general objections and do not make clear which specific objection or objections each response relies on. Because the Court has already ordered plaintiff to comply with the outstanding requests, this issue is largely moot. Going forward, however, the parties may not rely on a laundry-list of general objections for withholding documents but may instead only withhold documents based on specific objections.

### 6. Attorney's Fees

Defendant moves for expenses in filing this motion pursuant to Rule 37, which provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Thus, according to Rule 37, the Court must award expenses if none of the exceptions identified

9

in the rule apply. The Court finds that attorney's fees are warranted. First, defendant's motion was almost wholly successful–either through the Court granting the motion or because plaintiff agreed to provide the discovery after defendant filed the motion. Second, defendant made a good faith effort to obtain disclosure before filing the motion. Third, for the reasons discussed above, the reasons for plaintiff's nondisclosure were not substantially justified, especially in light of plaintiff's mischaracterization regarding the dismissal of defendant's affirmative defenses. Finally, no other circumstances make an award of expenses unjust.

### **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Compel (Doc. 16) is GRANTED IN PART AND DENIED IN PART. Defendants are ordered to supplement their discovery responses consistent with the foregoing. Attorney fees are awarded.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/24/16